## BUDDY THOMPSON v. THE STATE.

### No. 4572. Decided October 10, 1917.

Rehearing denied October 31, 1917.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Accomplice Testimony—Charge of Court.**

Where defendant in his motion for new trial contended that the State's witness was an accomplice, his contention can not be sustained in the absence of a request for a special charge; besides, the evidence did not raise the issue.

**3.—Same—Motion for Rehearing—Agency.**

Where appellant in his motion for rehearing contended that the defendant acted as the agent of the prosecutor in procuring the whisky, but the record showed that the reverse of appellant's contention is true, there was no reversible error.

**4.—Same—Requested Charge—Practice on Appeal.**

Where appellant in his motion for rehearing contended that his requested charge on agency was submitted, he could not complain.

Appeal from the District Court of Caldwell. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of a violation of the local option law; penalty, not less than one nor more than two years in the penitentiary.

The opinion states the case.

*Olinthus Ellis,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for making an illegal sale of intoxicating liquor in prohibition territory.

The evidence by the State's witness is positive and clear, showing that on the date alleged, after the prohibition law was in force making it a felony, appellant sold to him a quart of whisky. Appellant did not himself testify. The evidence was clearly sufficient to sustain the conviction.

Appellant has no bills of exceptions, made no objection to the charge of the court, and asked no special charges. In his motion for a new trial he claims the evidence is insufficient to sustain the conviction, and contends that the State's witness to whom the sale was made was an accomplice, and a conviction could not be had upon his testimony alone. He did not ask that this question be in any way submitted by the charge of the court. His contention can not be sustained. The evidence does not show, or tend to show, that the State's witness to whom the sale was alleged to have been made was an accomplice in the sale to him by appellant.

The judgment is affirmed.                          *Affirmed.*

ON REHEARING.

October 23, 1917.

PRENDERGÀST, JUDGE.—Appellant, in his motion for rehearing, contends that the court erred in holding that the evidence was sufficient to sustain the conviction, claiming that the evidence showed that the State's witness did not buy whisky from appellant but that he acted as the witness' agent in ordering it for him. The reverse of appellant's contention is true. Lee Wootton, the party to whom appellant is alleged to have made the sale of liquor, on his direct examination, testified: "My name is Lee Wootton, and I live here in the town of Lockhart. I know the defendant, Buddy Thompson. I do not know what kind of business he has been in, I think he runs a domino room. I recently bought some intoxicating liquor from Buddy Thompson. It was on last Saturday night, the 24th day of March, 1917. I bought it from him down at the domino room. I bought a quart of whisky from him and paid him two dollars for it. This was in Caldwell County, State of Texas." This is the whole of his testimony under direct examination. In crossing him appellant attempted to have him swear that he did not buy the liquor from appellant, but that he merely had appellant to order it for him. The witness persisted in his testimony that he bought it directly from him and did not have appellant to order it for him. He swore: "It is not a fact that I went to see Buddy Thompson on Thursday before the Saturday I got the whisky and got him to order a quart of whisky for me. I just asked him if he was going to have any whisky and if he did to save me a quart." He then tried to get the witness to swear that he had told Ben Frost that he had had the appellant to order this whisky for him, but he denied that he had so told Frost. He introduced Frost, who swore he did not know whether the witness Lee Wootton had appellant to order the whisky for him or not; that he was not present when they had anything to say about it before the actual delivery of the whisky. His testimony, we think, can not be considered to mean that said witness, Wootton, ever told him that he had had appellant to order this whisky for him, but if he had, that would be mere impeachment of the witness and not establishing as a fact that the witness had had appellant to order the whisky for him.

It is also stated by appellant, in his motion, that the court was in error in saying that he requested no special charge. He says one was requested on agency straight out and was given as requested on that phase. If such was the fact on the trial this record shows nothing of it. But even if, as contended by appellant, he requested such a charge, by his own motion he shows that the court gave it, and if he is correct in this matter it would be against him and not for him; for if the court submitted the issue at his request, the verdict of the jury clearly shows they did not believe that the witness had appellant to order the whisky for him as is contended, but they believed the State's witness

that he did not have appellant to order it for him, but that he bought it outright as he positively testified.

The motion is overruled.

*Overruled.*